Hon. David G. Retchless County Attorney, Ontario County
This is in response to your letter to our office wherein you request our opinion whether the same person may hold the two offices of town justice, who would not serve as a member of the town board, and as an employee of the town highway department. You also ask us whether it is compatible for the same person to simultaneously hold the two offices of elected assessor and employee of the town highway department.
Article 18 of the General Municipal Law is entitled "Conflicts of Interest of Municipal Officers and Employees." General Municipal Law, § 801 involves specific conflicts of interest involving contracts and payments thereunder to municipal officers or employees who would also approve or authorize payment individually, or as a member of a board.
You state that the town justice herein would not be a member of the town board pursuant to recently enacted Town Law, § 60-a, so there would not be any contravention of above section 801. Under the common law and in the absence of constitutional or statutory prohibition, the same person may hold two public offices if they are not incompatible. Since the town justice would not be a member of the town board, there would not appear to be any conflict or incompatibility in holding both offices. There would appear to be no conflict between the duties of the two offices of town justice and employee of the town highway department. It is also noted that there are no constitutional or statutory prohibitions against the simultaneous holding of both offices herein by the same person. Town Law, § 20, subdivision 4, prohibits the holding of two elected offices at the same time, but this would obviously not apply herein.
In regard to your other inquiry, we enclose a copy of 1975 Atty Gen [Inf Opns] 313, which holds that the same person simultaneously may hold the offices of appointed assessor and elected superintendent of town highways. The opinion states, in part, at page 313 thereof:
 "There is no statute which prohibits the holding of the two town offices of assessor, whether elected or appointed, and highway superintendent, whether elected or appointed, except Town Law, § 20, subdivision 4, which prohibits the holding of two elective town offices at the same time."
In the case herein, only the assessor is elected, so that the statutory prohibition does not apply and there would appear to be no incompatibility or conflict herein.
Accordingly, we conclude that the same person may simultaneously hold the two offices of town justice, who would not be serving as a member of the town board, and an employee of the town highway department. We believe that 1975 Atty Gen [Inf Opns] 313 answers your other inquiry.